# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Troy Oliver, # 24842-171, | Civil Action No. 1:21-0462-RMG |
|     Petitioner, | |
| v. | **ORDER AND OPINION** |
| Warden N. Barnes, | |
|     Respondent. | |

Before the Court is the Magistrate Judge's Report and Recommendation (R & R) that Respondent's motion for summary judgment on Petitioner's § 2241 petition be granted. (Dkt. No. 21.) Petitioner objects to the R & R. (Dkt. No. 29.) For the reasons set forth below, the Court adopts the R & R as the order of the Court to grant Respondent's motion and dismiss Petitioner's petition.

## I.     Background

Petitioner proceeds *pro se* to seek a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He is a federal inmate serving a 120-month sentence for two counts of possession with intent to distribute marijuana. (Dkt. No. 1-1 at 2.) His projected release date is February 14, 2022. (*Id.* at 5.) In his petition, he argues that the Bureau of Prisons ("BOP") failed to apply his earned time credits for certain training and activities, as provided by the First Step Act ("FSA"), 18 U.S.C. § 3632(d)(4)(A), which he asserts would have made him eligible for home release on December 14, 2020 and immediate release on July 14, 2021. (*Id.* at 2, 4, 8-9, 13.) Respondent agrees that Petitioner is eligible for FSA time credits (Dkt. No. 14-1 at 8 n.5; No. 14-2 at 117), but argues that Petitioner failed to exhaust his administrative remedies before filing this petition and that the BOP is not obligated to apply any earned time credits under the FSA until January 15, 2022.

## II. Legal Standard

The Magistrate Judge makes a recommendation to the Court that has no presumptive weight and the responsibility to make a final determination remains with the Court. *See, e.g.*, *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are specific objections to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*. In the absence of objections, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

## III. Discussion

The Court has carefully reviewed the record in light of Petitioner's objection to the R & R in order to determine whether there is a genuine dispute of material fact pursuant to Rule 56 as to whether Petitioner is entitled to present application of earned time credit under the FSA. Under the FSA, a prisoner will earn 10 days of time credits for every 30 days of successful participation in qualifying programs. 18 U.S.C. § 3632(d)(4)(A)(i). And a prisoner who is at a minimum or low risk for recidivating may earn additional 5 days of time credits for every 30 days of participation. *Id*. § 3632(d)(4)(A)(ii). The FSA directs the Attorney General to develop the Risk and Needs Assessment Program for the BOP to use as a guide. *Id* § 3632(a). The Attorney General published the system in July 19, 2019, after which the FSA gives the BOP 180

days (until January 15, 2020) to begin to implement the system, plus a phase-in period for certain tasks. *Id*. § 3621(h)(1)(A).

The Magistrate Judge carefully examined the face of the FSA and determined that the BOP does not have an obligation under the statute to apply earned time credits prior to January 15, 2020. The Court adopts that finding. The plain meaning of the statute reflects Congress's intent to provide the BOP with 180 days in which it "may offer" time credits to prisoners in its discretion, after which the BOP must implement the program. *Id*. 3621(h). As have other courts, this Court declines to identify a Congressional mandate to offer the incentives and rewards prior to the 180-day timeline made clear by the statute. *See, e.g.*, *Kennedy-Roby v. FCI Pekin*, No. 20-1371, 2021 WL 797516, at *3-4 (C.D. Ill. Mar 2, 2021) ("While this provision may assume that the BOP will use its discretion to begin implementing the System, the provision does not require the BOP to use its discretion at any certain point prior to the end date of the System's phase-in period. And, despite Kennedy-Robey's insistence, the Court cannot require the BOP to use its discretion when the statute does not.").

Because the Court adopts the R & R to find that Petitioner's claim for earned time credit application prior to January 15, 2020 is without merit, the Court need not also address whether Petitioner failed to exhaust his administrative remedies prior to bringing suit, which Petitioner does not appear to contest that he failed to do.

## IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R as the order of the Court. Respondent's motion for summary judgment on Petitioner's petition (Dkt. No. 14) is **GRANTED**.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

July 14, 2021
Charleston, South Carolina